

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2009

# USA v. Lacy Tilley

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1362

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Lacy Tilley" (2009). *2009 Decisions.* Paper 1262.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1262

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1362

_____

UNITED STATES OF AMERICA,

v.

LACY TILLEY,

Appellant.

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 06-cr-00222)
District Court Judge:  Hon. Donetta W. Ambrose

Submitted under Third Circuit LAR 34.1(a)
on February 5, 2009

Before:  RENDELL and ROTH, <u>Circuit Judges</u>
and PADOVA*, <u>Senior District Judge</u>

(Opinion filed: June 1, 2009)

O P I N I O N

_____

*Honorable John R. Padova, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

**ROTH**, <u>Circuit Judge</u>:

Lacy Tilley appeals from a judgment of conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We assume the parties' familiarity with the facts and the record of prior proceedings, which we describe only as necessary to explain our decision. We will affirm.

First, Tilley contends that the District Court violated his Sixth Amendment rights by setting a time limit for his testimony and, thus, preventing him from offering explanations for the presence of firearms in his residence and for his presence in Florida in violation of his bail. This contention is simply not supported by the record. Not only did the District Court permit Tilley to testify after the conclusion of evidence—and after Tilley himself, acting *pro se*, had stated on the record that the defense rested—but Tilley testified at length before finally saying, "I'm done."[1] The District Court then made certain that Tilley had no more testimony to offer before excusing him as a witness. Additionally, despite his assertion that he was prevented from offering explanations for the firearms and for his presence in Florida, the record reflects that Tilley offered lengthy testimony about both of these topics.

Second, Tilley contends that his stand-by counsel rendered ineffective assistance by (1) failing to object during certain testimony and (2) failing to stipulate to his prior conviction

---

[1] Though the District Court initially set a twenty minute time limit for Tilley's testimony, the Court then permitted Tilley to address any other issues that he felt had not been addressed adequately during the first twenty minutes.

for purposes of 18 U.S.C. § 922(g)(1). Once again, the record belies both of these contentions. As an initial matter, Tilley decided to proceed *pro se* on the third day of his trial, and the purportedly objectionable testimony was solicited by Tilley himself. Tilley had no constitutional right to standby counsel, let alone a right to have standby counsel raise objections on his behalf. *See McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984). Moreover, even if standby counsel were capable of rendering "ineffective assistance" for Sixth Amendment purposes, standby counsel would be under no obligation to object to testimony solicited by a *pro se* defendant. In fact, such an objection would likely constitute a violation of the defendant's Sixth Amendment rights. *See id.* ("The defendant's appearance in the status of one conducting his own defense is important in a criminal trial, since the right to appear *pro se* exists to affirm the accused's individual dignity and autonomy."). Finally, despite Tilley's assertion to the contrary, Tilley's attorney stipulated to his prior conviction before Tilley decided to proceed *pro se*. This stipulation was derailed by Tilley's repeated discussion of the nature of his prior conviction during his testimony and closing argument as a *pro se* defendant. Having decided to proceed *pro se*, Tilley cannot now "complain that the quality of his own defense amounted to a denial of effective assistance of counsel." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). Accordingly, we will affirm Tilley's conviction.